HAZEL M. DAVIS *vs.* SCHOOL COMMITTEE OF SOMERVILLE.

Middlesex.     February 13, 1939. — November 25, 1940.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Retirement. School and School Committee. Words,* "Head of a department."

The provisions of paragraph (2) of § 37C of G. L. (Ter. Ed.) c. 32 in the form appearing in § 2 of St. 1938, c. 439, that the "head of a department, county commissioners, mayor or selectmen, as the case may be" shall furnish to the retirement board of a retirement system a summary of facts relating to the removal or discharge of a member, do not apply to the teachers' retirement system.

PETITION, filed in the Supreme Judicial Court for the county of Middlesex on November 21, 1938, for a writ of mandamus.

The case was reported, without decision, by *Donahue, J.*

*R. J. Muldoon,* City Solicitor, for the respondents.

*R. L. Lurie,* for the petitioner.

DONAHUE, J. The petitioner seeks the issuance of a writ of mandamus to restore her to active service as a teacher in the public schools of the city of Somerville. The respondents are the school committee of that city. The case was heard by a single justice of this court on the petition

and an answer in the nature of a demurrer which admitted the material allegations of fact contained in the petition and asserted that the facts appearing in the petition were not sufficient to warrant the issuance of a writ of mandamus. The single justice, without making a decision, reported the case for the determination of the full court.

1. The following are all the facts alleged in the petition.

The petitioner had been employed as a teacher in the public schools of the city of Somerville since December, 1919, and had been holding such position since 1922 on tenure at the discretion of the school committee, under the provisions of G. L. (Ter. Ed.) c. 71, § 41. On September 26, 1938, the school committee voted to dismiss the petitioner, as of September 30, 1938, at the close of school, and notified the petitioner to that effect by a letter dated September 28, 1938. Before the employment of the petitioner as a teacher in the Somerville schools, she was employed as a teacher in the public schools of the town of Acton in this Commonwealth. The petition alleges that she "therefore comes within the provisions of" G. L. (Ter. Ed.) c. 32, § 37C, paragraph (2) in the form appearing in St. 1938, c. 439, § 2, "and has completed more than twenty years of creditable service as a member of the Teachers Retirement Association."

The petition alleges that the school committee has failed to comply with the provisions of the statute above referred to "in that it did not furnish the teachers' retirement board within five days after her dismissal on September 30, 1938, with a fair summary of the facts relating to such removal or discharge with the result that her removal or discharge became null and void and, under the terms of the statute" the petitioner "was forthwith to be restored to active service without loss of compensation."

The petitioner further alleges that she made a written demand on the respondents for restoration to active service as a teacher, that her demand was refused and that the respondents have failed to comply with the provisions of the statute above mentioned.

2. The circumstances attendant on the dismissal of the petitioner do not appear. The causes or reasons of the dismissal, the procedure followed by the school committee in dismissing the petitioner or the propriety of the vote of removal, is not here involved. The contention of the petitioner simply stated is, that the statute, G. L. (Ter. Ed.) c. 32, § 37C, paragraph (2) in the form appearing in St. 1938, c. 439, § 2, applies to members of the teachers' retirement system, that it required the school committee to give a notice of the dismissal of the petitioner to the teachers' retirement board within five days after the act of the committee dismissing her, that no such notice was given and that, therefore, by the provisions of the statute, the dismissal of the petitioner was null and void. The respondents contend that the provisions of the statute on which the petitioner relies, though applicable to members of the State retirement system, the county retirement system and the retirement system for cities and towns, are not applicable to members of the teachers' retirement system.

3. The Legislature has established four retirement systems, applicable respectively to employees of cities and towns (St. 1910, c. 619), to employees of the State (St. 1911, c. 532), to employees of counties (St. 1911, c. 634), and to teachers (St. 1913, c. 832). In General Laws (1921) the statutory provisions applying to the four retirement systems were placed in c. 32 which was entitled "Retirement Systems and Pensions," and statutes pertaining to the four systems with their amendments were grouped under the respective headings: "State Retirement System," "Retirement System for Teachers," "County Retirement Systems," and "Retirement Systems for Cities and Towns." There was the further heading "General Provisions" under which were placed certain statutory provisions applicable to two or more of the four retirement systems. All of the statutes there placed do not apply to all of the four systems. The same arrangement of the statutes relating to retirement systems was followed in the Tercentenary Edition of the General Laws (1932).

The statutes relating to each of the four retirement sys-

tems provide for the establishment of retirement systems for employees of the State, the counties, cities and towns and for teachers. They set out the requirements as to eligibility to membership, and the circumstances in which members of each system become entitled to a retirement allowance. The statutes pertaining to each retirement system provide that it shall be managed by a board of retirement comprised of three members. One member of the retirement board must be, in the State retirement system, the State treasurer, in the teachers' retirement system, the commissioner of education, in the county retirement system, the county treasurer, and in the retirement system for cities and towns, the city or town auditor or accountant or an officer having similar powers and duties. A second member of the retirement board in the State, school, and county systems is elected by the members of those systems and in the system for cities and towns is appointed by the mayor or selectmen. A third member of the board of retirement of each of the first three systems mentioned is elected by the other two members. (G. L. [Ter. Ed.] c. 10, § 18; c. 15, § 16; c. 32, § 23; c. 32, § 31F [St. 1936, c. 318, § 1].) Included in the powers of the retirement board in each system are the rights to make by-laws and regulations consistent with law and to determine the percentage of their wages that employees or teachers shall contribute to the retirement fund. While the statutes creating the four retirement systems have a general resemblance, they differ one from the other in various respects.

4. The question here in controversy is whether paragraph (2) of § 37C of G. L. (Ter. Ed.) c. 32 (inserted by St. 1936, c. 318, § 3, and amended by St. 1938, c. 439, § 2) applies to a member of the teachers' retirement system.

Paragraph (2) provides that if a member of a stated age and term of service "is removed from his office or employment for the good of the service or is discharged, he shall be retired with a retirement allowance," which is described, "provided, that the appropriate retirement board shall find that the removal of the member will be for the good of the service or that his discharge was not the result of moral

turpitude; and provided, further, that such member shall, within ten days following his removal or discharge, have filed a written application for a hearing and that after due notice a hearing shall have been held thereon . . . but in no event later than thirty days after the date of the receipt of such application. The head of a department, county commissioners, mayor or selectmen, as the case may be, shall, within five days after such removal or discharge, furnish said retirement board with a fair summary of the facts relating to such removal or discharge, and said summary shall be open to inspection by the member or a person designated by him in writing. Failure of the head of a department, the county commissioners, mayor or selectmen, as the case may be, to furnish the board with such summary of facts within said five days, or a finding by the board that such removal will not be for the good of the service, shall make any such removal or discharge null and void, and in such case the member shall forthwith be restored to active service without loss of compensation, or of civil service rights, if any." Where this section of the statute applies to any of the four retirement systems, it restricts the right of an officer or board by whom a member is employed to discharge him. Notice of a discharge and summary of the facts relating thereto must be given by the discharging board or officer to the appropriate retirement board, and a discharge is null and void if the retirement board finds that the discharge will not be for "the good of the service."

The contention of the petitioner is based on her construction of the language of § 37C, paragraph (2). We are of the opinion that a proper construction of the language of § 37C, paragraph (2), and of c. 32 of which that section is a part, requires the conclusion that § 37C, paragraph (2), does not apply to the discharge by a school committee of a member of the teachers' retirement system.

5. The mere fact that the portion of the statute here to be construed (§ 37C, paragraph [2]) is placed in G. L. (Ter. Ed.) c. 32 under the heading "General Provisions" has no tendency to show that the paragraph applies to the teachers' retirement system. As earlier pointed out,

all the provisions of the statute placed under that heading do not apply to all four retirement systems.  The heading "General Provisions" was apparently used as a convenient title under which provisions of the statute relating to two or more of the four retirement systems could be placed. For example, §§ 32, 35 and 36 apply not to all the systems but to two or more of them.  The fact that the teachers' retirement system is expressly excepted from § 32 (which requires that a certificate of membership shall be issued to members of the other three systems) cannot be taken to mean that the teachers' retirement system is necessarily included in all the other sections of the statute appearing under the heading "General Provisions."

Section 37C, paragraph (2), imposes stated duties on, and limits the powers of, "the head of a department, county commissioners, mayor or selectmen, as the case may be," with respect to the removal or discharge of members of retirement systems.  Persons employed in the various departments of the State government are members of the State retirement system.  The term "the head of a department" is appropriate to designate a "head of a department" under whom a member of the State retirement system is employed.  It is clear that by the use of the term "the head of a department" the Legislature at least intended to impose duties on and to limit the powers of removal by the heads of State departments of members of the State retirement system.  And there can be no question that the Legislature intended that the powers of "county commissioners" to discharge a member of the county retirement system, and the powers of "mayor or selectmen, as the case may be," to discharge a member of a municipal retirement system, should be similarly limited.  The question here to be decided is whether, although this section of the statute makes no mention of school committees, the Legislature intended, in using the phrase "the head of a department," to include school committees.

It is not customary to speak of a school committee as "the head of a department."  Unless, as the plaintiff contends, the phrase "head of a department" where it appears

in G. L. (Ter. Ed.) c. 32, § 37C, paragraph (2), is to be taken to mean a school committee, nowhere in c. 32 is the phrase used to refer to a school committee, nor is the phrase so used in G. L. (Ter. Ed.) c. 71 which contains the statutes relating to public schools. In G. L. (Ter. Ed.) c. 32, § 37A, paragraph (2) (St. 1936, c. 318, § 3), a "head of a department" and a "school committee" are differentiated. This section, under certain circumstances, requires members of retirement systems to file with the retirement boards statements or certified records. It provides that ". . . if the member failing to file such statement or record is a head of a department the governor, mayor, selectmen, county commissioners or school committee, as the case may be . . ." shall suspend him. The phrase "head of a department" is there manifestly used to designate, not a school committee, but an official subordinate to a school committee. It seems unlikely that the Legislature, having used the term "head of a department" in § 37A to describe a subordinate official of a school committee, would use the term in § 37C, paragraph (2), to designate a school committee.

The sections of the statute pertaining particularly to the State, the county and the municipal retirement systems, all contain provisions to the effect that a member may be retired on the application of a head of a department. G. L. (Ter. Ed.) c. 32, §§ 4 (1) (d), 4C (1), 4D (1) (inserted by St. 1938, c. 439, § 1); c. 32, §§ 23 (1), 24 (1), 25 (1) (inserted by St. 1936, c. 400, § 1); c. 32, §§ 29 (1), 30 (1), 31 (1) (inserted by St. 1936, c. 318, § 1). There is no provision in the sections of the statute that relate particularly to the teachers' retirement system to the effect that a member may be retired on the application of a "head of a department." G. L. (Ter. Ed.) c. 32, §§ 6–19, as amended.

The sections of the statute relating exclusively to each of the four retirement systems appear in the statute in four groups. There is in each group a section which contains definitions of various words and phrases appearing in the sections relating to each group. The phrase "head of a department" is defined in somewhat differing language, in

the definition section in the group of sections relating respectively to the State, to the county and to the municipal retirement systems. G. L. (Ter. Ed.) c. 32, § 1, as amended by St. 1938, c. 439, § 1; c. 32, § 20, as amended by St. 1936, c. 400, § 1; c. 32, § 26, as amended by St. 1936, c. 318, § 1. There is no definition of the phrase "head of a department" among the definitions relating to the sections of the statute which apply to the teachers' retirement system. G. L. (Ter. Ed.) c. 32, § 6, as amended by St. 1938, c. 444, § 1. If the Legislature intended that the term "head of a department" in § 37C, paragraph (2), should be taken to include a "school committee" there seems to be no reason why a definition of that term was not placed among the other definitions of words and phrases relating to the teachers' retirement system.

Section 38A (inserted by St. 1938, c. 439, § 4) provides that the terms "head of department," "member" and "other terms or words used" in the sections placed under the heading "General Provisions" "in so far as they refer to any of the several retirement systems . . . shall have the meanings respectively attached to them by sections one, six, twenty and twenty-six of this chapter." Sections 1, 20 and 26 are the definition sections applicable respectively to the State, county and municipal retirement systems. Section 6 is the definition section applicable to the teachers' retirement system. In § 6, as pointed out above, there is no definition of the term "head of a department."

6. Nowhere in G. L. (Ter. Ed.) c. 32, § 37C, paragraph (2), is it expressly provided that the duties there imposed and the limitations there set on the discharge of members of retirement systems shall apply to school committees. We do not think that such a conclusion can be reached by implication.

In construing the language of the statute in question consideration must be given to the general body of statutory law relating to the same subject, *Armburg* v. *Boston & Maine Railroad*, 276 Mass. 418, 426, and where practicable its language should be construed in harmony with previous statutes dealing with the same matters. *Walsh* v. *Commissioners of Civil Service*, 300 Mass. 244, 246.

By long established legislative policy school committees are given general management of the public schools including the election and the dismissal of teachers. *Leonard* v. *School Committee of Springfield,* 241 Mass. 325, 329. G. L. (Ter. Ed.) c. 71, §§ 37, 38, 42 as amended by St. 1934, c. 123. They have administrative control of school systems and they are responsible for the proper functioning of the schools. The power of management placed by statutes in school committees has always been broadly construed. *McDevitt* v. *School Committee of Malden,* 298 Mass. 213, 214. *Roberts* v. *Boston,* 5 Cush. 198.

Manifestly one of the most important duties involved in the management of a school system is the choosing and keeping of proper and competent teachers. The success of a school system depends largely on the character and ability of the teachers. Unless a school committee has authority to employ and discharge teachers it would be difficult to perform properly its duty of managing a school system. The statutory power of a school committee to discharge teachers has always been freely construed. *Knowles* v. *Boston,* 12 Gray, 339. *Sheldon* v. *School Committee of Hopedale,* 276 Mass. 230. The present statute (G. L. [Ter. Ed.] c. 71, § 42, as amended by St. 1934, c. 123) provides that a school committee may dismiss teachers employed "at discretion" only for "inefficiency, incapacity, conduct unbecoming a teacher . . . insubordination or other good cause." In accord with the general legislative policy in regard to the discharge of teachers "good cause" is held to include "any ground which is put forward by the committee in good faith and which is not arbitrary, irrational, unreasonable, or irrelevant to the committee's task of building up and maintaining an efficient school system." *Rinaldo* v. *School Committee of Revere,* 294 Mass. 167, 169.

If the construction of the language of § 37C, paragraph (2), suggested by the petitioner is correct, a board of review has been created to pass upon the dismissal of all teachers who have served a stated number of years. Such a board could make the dismissal of a teacher null and void by finding that the dismissal was not "for the good of the service."

This would effectively take an important power in the management of schools out of the hands of school committees of cities and towns where the Legislature hitherto consistently placed it, and lodge it in a board composed of the State commissioner of education, a fellow member of the dismissed teacher in the teachers' retirement system and a third person chosen by the other two.

In view of the long established legislative policy to place in school committees the power to dismiss teachers it seems very unlikely that the Legislature in enacting § 37C, paragraph (2), intended to depart from that policy without clearly saying so. That section does not mention "schools" or "teachers" or "school committees." If the Legislature had such an intent it is most unlikely that the Legislature would merely hide it in the phrase "head of a department."

Where in the past the Legislature has limited the powers of school committees it has done so in express terms (G. L. [Ter. Ed.] c. 71, §§ 38–45), and it is to be expected that a radical departure from such previous policy would be expressed in clear language and not left to doubtful implication. *Leonard* v. *School Committee of Springfield*, 241 Mass. 325, 332. It cannot be inferred from language of the statute appropriate to employees of the State, the counties and the municipalities and not particularly appropriate to teachers, that the Legislature intended to change its established policy that the power of control of the dismissal of teachers should be vested in school committees.

*Petition dismissed.*