BENJAMIN SWARTZ *vs.* EDWARD CLAYTON & others.

Suffolk.    April 4, 1950. — May 4, 1950.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Evidence,* Presumptions and burden of proof.  *Payment.  Contract,* Consideration.  *Waiver.  Interest.*

A judgment debtor has the burden of proving payment in a suit on the judgment.

A promise by a debtor to pay the amount of his debt by instalments would not be consideration for a promise by the creditor to waive interest so long as such instalment payments should continue.

BILL IN EQUITY, filed in the Superior Court on March 4, 1949.

. The suit was heard by *Smith,* J.

The plaintiff contended "that the amount of the indebtedness should be $550 on the principal with at least simple interest" for eighteen and two thirds years at six per cent "(from June 30, 1931, to March 30, 1950) amounting to about $618.75, unless the court rules that due to the delays on the part of the defendant to satisfy the judgment, compounded interest should be allowed in the instant case."

*B. Ginsburg, (C. P. Doyle* with him,) for the plaintiff.

No argument nor brief for the defendants.

LUMMUS, J.   This is a bill in equity, filed on March 4, 1949, to reach and apply real and personal property equitably owned by the defendant Edward Clayton which stands in the names of other defendants, to the satisfaction of an unsatisfied judgment for $900, against said defendant, rendered on June 29, 1931, with interest from that date.  The defendant Clayton admits the rendition of the judgment, but asserts that it has been paid.  The sum of $2,500 was paid into court to cover the plaintiff's claim, and the bill was dismissed as to all defendants other than said Clayton.

The judge found that the defendant Clayton paid by instalments to the former attorney for the plaintiff, now de-

ceased, under an agreement "upon good and sufficient consideration" that no interest was to be charged while such payments continued. That attorney died about 1940. The defendant Clayton at the trial admitted that a balance of "$550 or thereabouts" was due on the principal. The judge, on evidence not reported, found that only $500, with interest amounting to $270, was due, and consequently ordered the defendant to pay $770. The plaintiff appealed.

There is no finding as to how much was paid on the judgment, apart from the defendant's admission that "$550 or thereabouts" remains due. The burden was on the defendant to prove his payments. The findings are vague as to the amount of payments, and also as to the nature and sufficiency of the consideration for a contract to waive interest. If the only consideration was a promise to pay by instalments the amount of a judgment undeniably due, the contract to waive interest was not valid. *Caragulian* v. *Rudd*, 282 Mass. 260. If so, the amount of interest awarded seems inadequate. *Boyer* v. *Bowles*, 316 Mass. 90. No lawful consideration for the contract to waive interest is shown.

The decree is reversed, and the case remanded to the Superior Court for further proceedings.

*So ordered.*