BENJAMIN SWARTZ *vs.* EDWARD CLAYTON & others.

Suffolk.   February 9, 1951. — March 30, 1951.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Laches. Equity Jurisdiction,* Laches. *Equity Pleading and Practice,* Waiver, Demurrer, Rehearing. *Waiver. Error,* Whether error harmful. *Evidence,* Relevancy and materiality.

The record in a suit in equity commenced in 1949 by a judgment creditor on a judgment recovered in 1931 did not show that the judgment debtor was prejudiced by the delay in bringing suit.

A defendant waived his right to press a demurrer to a bill in equity by voluntarily going to hearing on the merits without seeking a decision on the demurrer.

The exclusion of certain evidence was harmless where it was later admitted and was regarded by the trial judge as being in the case when he made his findings.

Upon a rehearing of a suit in equity, ruled by the judge to be a trial de novo, to which the defendant agreed, the evidence at the first hearing, offered by the defendant to show that a finding made thereat by another judge was erroneous, was immaterial.

BILL IN EQUITY, filed in the Superior Court on March 4, 1949.

Following the decision reported in 325 Mass. 747, the suit was reheard by *Brogna,* J.

*R. Clayton,* for the defendant Edward Clayton.

*S. J. Ginsburg,* for the plaintiff.

SPALDING, J. This suit, which is the sequel to *Swartz* v. *Clayton,* 325 Mass. 747, is here on the appeal of the defendant Edward Clayton (hereinafter called the defendant) from a final decree establishing his indebtedness in the amount of $900 with interest and costs.[1] The case is in equity because it was commenced by a bill to reach and apply under G. L. (Ter. Ed.) c. 214, § 3 (7). The judge made findings of fact and the evidence is reported.

The judge found that the plaintiff recovered a judgment against the defendant in the sum of $900 exclusive of costs; that the alleged conversation between the defendant and Mr. Katzeff (since deceased), attorney for the plaintiff, to the effect that interest was to be waived, never took place; that the defendant had not sustained the burden of proving that any part of the judgment had been paid; and that the defendant owed the plaintiff the full amount of the judgment with interest from June 29, 1931, at the rate of six per cent a year.

1. The only issues tried in the court below were those relating to the debt, the sum of $2,500 having been paid

---

[1] In the earlier appeal the trial judge found that the defendant admitted that a balance of "$550 or thereabouts" was due on the principal. The judge, however, found for the plaintiff·only in the amount of $500 and interest in a lesser sum than the amount which ordinarily would have been due. Because the findings were vague as to how much had been paid and also as to the nature and sufficiency of the consideration for the contract to waive interest, the decree was reversed and the case remanded "for further proceedings."

into court to cover the plaintiff's claim. In other words, the reach and apply aspect of the case had disappeared. At the conclusion of the arguments the judge informed counsel that he was ruling that the case was a law action, and that if the plaintiff was entitled to a finding he could recover only simple interest at six per cent. (Compare *Shulkin* v. *Shulkin*, 301 Mass. 184, 194–195, which holds that compound interest may in certain circumstances be allowed in equity.) The defendant now contends that this was in effect a ruling that the equitable defence of laches was out of the case and was not considered. The plaintiff had been urging during the hearing that he was entitled to compound interest within the equitable principle just mentioned. It is plain, we think, that the ruling of the judge was addressed solely to the question of interest and had no relation to laches or other equitable defences, and it may be doubted whether the ruling had the effect attributed to it by the defendant. But in any event there was no error. We assume that the defence of laches would be available to a defendant in a case of this sort. *Cohen* v. *Bailly*, 266 Mass. 39, 48–49. However, it is an affirmative defence and has not been pleaded. The defendant cannot now insist upon it as a matter of right. *Westhampton Reservoir Recreation Corp.* v. *Hodder*, 307 Mass. 288, 290, and cases cited. True, the defendant did set up by way of demurrer the defence that the bill showed on its face that the plaintiff was guilty of laches. But having gone forward on the merits without seeking a decision on his demurrer, the defendant must be deemed to have waived it. *Hill* v. *Trustees of Glenwood Cemetery*, 323 Mass. 388, 393. We recognize that where the defence of laches is not set up in the pleadings "it is always open to a court of equity in its discretion to do what justice and fair dealing require as to delay in making claims." *Raytheon Manuf. Co.* v. *Radio Corp. of America*, 286 Mass. 84, 100–101. But an examination of the record convinces us that, although there was delay in bringing the present suit, the defendant has not shown that he was prejudiced by it. In these

circumstances the enforcement of the plaintiff's claim is not inequitable. *Goldstein* v. *Beal*, 317 Mass. 750, 759.

2. The defendant contends that the judge erred in excluding evidence of a conversation between the defendant and the plaintiff's attorney, Mr. Katzeff, in which the latter agreed to waive interest on behalf of his client. We need not pass on the correctness of this ruling as the defendant was not harmed by it. At one stage of the hearing evidence of this conversation was excluded, but later it was admitted and the judge evidently regarded it as in the case when he made his finding that such a conversation never took place.

3. The defendant contends that the judge's finding at the first hearing that the defendant admitted that he owed the plaintiff a balance of "$550 or thereabouts" was erroneous, and that the judge at the second hearing erred in not permitting him to show by the transcript in the earlier hearing that the defendant made no such admission. The judge did not err in excluding this evidence. The second hearing took place before a different judge. Early in the hearing the question came up as to the scope of the proceedings and the judge ruled that it was to be a trial de novo. The defendant's counsel not only did not object to this ruling but stated that "that's perfectly all right." The judge also stated that he was not "taking . . . [the decision of this court in the first appeal] as evidence of anything." In view of these rulings we fail to see how the admission of the defendant needed any explanation; it did not form the basis of anything decided in the second hearing. The judge was justified in concluding that what occurred at the first hearing was of no consequence.

4. The defendant now asks us to permit him to submit to this court the testimony in the first hearing in order to show that he admitted there that he owed the plaintiff only "$450 or thereabouts" rather than the $550 stated in the judge's findings, and that the finding for the plaintiff there in the sum of $500 was correct. We do not pause to discuss our

power to grant this request because we would not do it if we could in the circumstances existing here. The defendant is in no position to make such a request. It does not appear that he made any attempt to have the earlier findings corrected, or to bring the matter to our attention when the case was here the first time. In fact he did not argue the case at that time and filed no brief. This is a belated attempt to review the earlier hearing. The defendant was content to retry the issues de novo at the second hearing and, had he won, it is fair to assume that he would take the position that the findings in the first hearing had no bearing on the second.

We have considered all of the questions argued by the defendant and have dealt with such of them as require discussion.

*Final decree affirmed with costs.*