417 P.2d 376

Clifford **WILLIAMS**, Appellant.

v.

**SCHOOL DISTRICT NO. 40 OF GILA COUNTY**, and Ivan P. Hostetler, Superintendent of said School District No. 40 of Gila County, Appellees.*

No. 2 CA–CIV 264.

Court of Appeals of Arizona.

Aug. 2, 1966.

Rehearing Denied Sept. 16, 1966.

Review Denied Oct. 18, 1966.

Cavness, DeRose, Senner & Foster, Frank E. Tippett, Phoenix, by Barry De Rose, Globe, and John W. Rood, Phoenix, for appellant.

Harold A. Beelar, Gila County Atty., Globe, for appellees.

KRUCKER, Chief Judge.

Clifford Williams had been employed as a teacher for several years in School District No. 40 of Gila County and had attained status as a "continuing teacher" as defined in A.R.S. § 15–251. Upon notice of termination of his contract, as provided in A.R.S. § 15–253, a hearing was held, as provided in A.R.S. § 15–254, and after the hearing Mr. Williams was discharged from his position as a teacher employed by the School District. An appeal was perfected to the Superior Court of Gila County, Arizona, in accordance with the provisions of A.R.S. § 15–255.

Appeal is taken from an order of the Superior Court affirming the dismissal by the School Board and from the denial of a motion for a new trial.

The circumstances leading to the notice, hearing and refusal to renew Williams' contract, briefly stated, were that on the evening of May 26, 1960, appellant, accompanied by a female companion, visited the Juarez Bar in Lower Miami, Arizona, where the appellant drank some beer and

* This appeal was filed with the Arizona Supreme Court and assigned that Court's No. 7378. The matter was referred to this Court pursuant to A.R.S. Section 12–120.23.

both played shuffleboard. Two men in the bar made certain advances to the couple and the appellant and his companion played one game of shuffleboard with these men. The appellant and his companion then left the bar and went to the main section of Miami and parked in front of the Copperland Hotel. Getting out of the car and starting toward the Dome Bar, they were stopped by the same two men, who made threatening remarks to them. Williams escorted his companion to the Dome Bar, seated her in the bar, started back to his car, and again was accosted by the same two men. Someone intervened momentarily and appellant went back to the Dome Bar and obtained a double-barreled 44-caliber derringer pistol from the bartender. One of the men drew a knife and about that time the Miami police arrived and arrested the appellant.

Williams remained in jail over night and was charged, by a criminal complaint, with violation of Ordinance 1, Section 1 of the Town of Miami, disturbing the peace by being under the influence of intoxicants, attempting to fight, and display of a gun. Appellant entered a plea of guilty and paid a fine of $10.00.

It was this sequence of events which led to the School District giving Williams notice of the termination of his teaching contract. At the trial in the Superior Court, a document entitled "Grade School Employee's Handbook", distributed to teachers by the appellees, was introduced in evidence. This document outlines policies and regulations of the schools in School District No. 40, and among its provisions is the following:

"*Third Principle:* The teaching profession occupies a position of public trust involving not only the individual teacher's personal conduct, but also the interaction of the school and the community. Education is most effective when these many relationships operate in a friendly, cooperative, and constructive manner.

In fulfilling the obligations of this third principle the teacher will—

1. Adhere to any reasonable pattern of behavior accepted by the community for professional persons."

The question to be decided is whether there was good and just cause to dismiss a continuing teacher under the circumstances herein discussed. We believe there is ample evidence in the record to sustain the position taken by the school board and the finding of the trial court and we cannot conclude that the record shows any abuse of discretion on the part of the board or the trial court. The board, acting in its quasi-judicial capacity, and the trial court holding a trial de novo, heard the witnesses and determined the facts. The statutory power of a school board to discharge teachers is always freely construed and good cause has been held to include any ground put forward by the board, in good faith, and which is not arbitrary, irrational, unreasonable, or irrelevant to the board's task. Davis v. School Committee of Somerville, 307 Mass. 354, 30 N.E.2d 401 (1940). We do not believe the action taken in this case is "arbitrary, irrational, unreasonable or irrelevant to the board's task."

Appellant contends that the trial court erred in admitting in evidence a portion of the Grade School Employee's Handbook. The school board has authority to adopt rules for the conduct of the school system, which includes the conduct of teachers. Article 11, Paragraph 2, Constitution of Arizona, A.R.S.; A.R.S. § 15–102.

Both appellant and appellees were familiar with these rules and we hold that it was not error for the trial court to admit the handbook in evidence.

Finding no error or abuse of discretion, the judgment is affirmed.

HATHAWAY and MOLLOY, JJ., concurring.