499 P.2d 750

**FLOWING WELLS SCHOOL DISTRICT et al., Appellants,**

v.

**William STEWART and Ann Stewart, husband and wife, Appellees.**

**No. 2 CA–CIV 1167.**

Court of Appeals of Arizona, Division 2.

July 27, 1972.

Rehearing Denied Aug. 21, 1972.

Review Denied Nov. 21, 1972.

Rose Silver, Pima County Atty., by Lawrence Ollason, Special Deputy County Atty., for School Affairs, Tucson, for appellants.

W. Edward Morgan, Tucson, for appellees.

HOWARD, Judge.

The appellee Ann Stewart was employed as a school teacher in the Flowing Wells School District. It is undisputed that she was a certified teacher employed under a contract in the school district as a full-time classroom teacher and had been so employed in the district under a con-tract which had been renewed for at least the last four consecutive years. Mrs. Stewart was, therefore, a "continuing teacher" as that term is defined in A.R.S. § 15–251, subsec. A, par. 2.

Mrs. Stewart was first given a written notice of suspension on November 25, 1970. A hearing on the suspension was set for December 2, 1970, but was continued indefinitely. Then on March 11, 1971, she received the following letter from Dr. Marlen D. Yoder, superintendent of the schools:

" . . .

In compliance with ARS–15–252, you, Ann Stewart, are hereby notified of the termination of your contract effective at the end of the 1970–1971 school year.

The causes for your not being offered a contract in the Flowing Wells Schools for 1971–1972 school year are as follows:

1. Insubordination

2. Unprofessional conduct

3. Discussing things not in the curriculum to the detriment of the curriculum

4. A poor influence on students

Further, in compliance with ARS–15–254, you are hereby notified that the Flowing Wells School Board of Education has set 7:30 p. m., March 22, 1971, for your Hearing on the above listed causes for the termination of your contract. This Hearing will be held in the Board Room, Education Administration Building, 1444 West Prince Road, Tucson, Arizona.

At this Hearing you may appear in person and by counsel, if desired, and may present any testimony, evidence or statements, either oral or in writing, in your behalf. Within three (3) days following the Hearing the Board shall determine whether there exists good and just cause for dismissal and shall render its decision accordingly.

Your suspension from your teaching duties in Flowing Wells High School will

continue for the remaining time of your present contract.

. . ."

On March 22, 1971, the hearing set forth in the above letter was conducted and appellees appeared at the hearing with counsel.

Prior to the hearing, on March 19, 1971, appellees filed this action in the Superior Court of Pima County alleging, *inter alia*, that Mrs. Stewart was entitled to automatic renewal of her teaching contract for the school year 1971 through 1972 because of the school district's failure to comply with A.R.S. §§ 15–252, 15–253 and 15–254.

Appellees moved for summary judgment in the trial court, which motion was granted, the trial court ordering the school district to issue forthwith a contract of employment to Mrs. Stewart with the school district for the year 1971 through 1972.

The statutes which are applicable to this case read as follows:

A.R.S. § 15–252:

"A. . . . the contract of employment of a probationary or continuing teacher for a school year shall be deemed automatically renewed for the next ensuing school year, unless, on or before March 15 immediately preceding the ensuing school year, the school board, a member thereof acting on behalf of the board, or the superintendent of the school district, gives notice to the teacher of the termination of his contract. . . .

B. Notice of termination of contract shall be by delivering it personally to the teacher or by sending it by registered or certified mail bearing a postmark of on or before March 15, directed to the teacher at his place of residence as recorded in the school district records."

A.R.S. § 15–253:

"No continuing teacher shall be dismissed or his contract of employment terminated unless written notice specifying the cause or causes for dismissal or termination is first given the teacher by the

school board, a member thereof acting on behalf of the board, or the superintendent."

A.R.S. § 15–254:

"At the time a continuing teacher's dismissal has been recommended to the board by the administration, the teacher shall receive a written notice specifying the cause or causes for recommendation of dismissal. The board shall give the teacher five days written notice of the time and place thereof. At the hearing the teacher may appear in person and by counsel, if desired, and may present any testimony, evidence or statements, either oral or in writing, in his behalf. Within three days following the hearing the board shall determine whether there exists good and just cause for dismissal and shall render its decision accordingly. Good and just cause shall not include religious or political beliefs or affiliations unless in violation of the oath of the teacher. *If the decision of the board is to dismiss the teacher, notice of termination shall then be given as provided by §§ 15–252 and 15–253.*" (Emphasis added).

We are not concerned with the merits of Mrs. Stewart's dismissal. The only issue which we have been asked to decide is whether or not the hearing prescribed by A.R.S. § 15–254 must take place prior to March 15, in order to prevent the automatic renewal of a continuing teacher's contract.

Citing the case of Johnson v. Board of Education, 101 Ariz. 268, 419 P.2d 52 (1966), appellants maintain that no hearing is required prior to giving notice under A.R.S. § 15–252 in order to effectuate termination of the contract and prevent automatic renewal.

The *Johnson* case was decided under the law as it existed prior to the 1965 amendment of A.R.S. § 15–254.

Prior to the 1965 amendment, A.R.S. § 15–254 read as follows:

"Within fifteen days after receipt of notice of dismissal or termination, a con-

tinuing teacher may serve upon a member of the school board or the superintendent, a written request for either a public or private hearing before the board. The hearing shall be held by the board not less than ten nor more than fifteen days after the request is served, and notice of the time and place of the hearing shall be given the teacher not less than three days prior to the date of the hearing. At the hearing the teacher may appear in person and by counsel, if desired, and may present any testimony, evidence or statements, either oral or in writing, in his behalf. Within ten days following the hearing the board shall determine whether there existed good and just cause for the notice of dismissal and shall render its decision accordingly, *either affirming or withdrawing the notice of dismissal or termination.* Good and just cause shall not include religious or political beliefs or affiliations unless in violation of the oath of the teacher." (Emphasis added).

A comparison of A.R.S. § 15–254 prior to the amendment with the statute as amended reveals significant changes. Under the new statute the process of termination begins with receipt by the teacher of a written notice specifying the cause or causes for the recommendation of dismissal. This puts the teacher on notice as to the exact reasons for dismissal so that the teacher can defend against them at the hearing which is now mandatory. There was no such provision in the old statute. The notice served on the teacher pursuant to A.R.S. § 15–252 under the old statute served two functions: (1) Notice of the reasons for dismissal so that the teacher knew what to defend against if he *requested* a hearing and (2) a record in case the teacher wished to appeal to the superior court pursuant to A.R.S. § 15–255. Tempe Union High School Dist. v. Hopkins, 76 Ariz. 228, 262 P.2d 387 (1953).

More importantly, under the old statute the board, upon coming to a conclusion

after the hearing, was to render its decision " . . . *either affirming or withdrawing the notice of dismissal or termination.* . . . ", whereas the present statute requires that "[i]f the decision is to dismiss . . . notice of termination shall be given as provided by §§ 15–252 and 15–253." The old statute prescribed that the notice required by A.R.S. § 15–252 be given *prior* to the hearing. Under the new statute the notice is not given until *after* the hearing and this notice serves as a written record for the purposes of appeal.

We further note that another statute was amended in 1965 in conjunction with the amendment of A.R.S. § 15–254. Prior to 1965 A.R.S. § 15–255 provided:

"A. The decision of the board shall be final unless the teacher aggrieved files, within ten days *after the date of the decision,* an appeal with the superior court of the county within which he was employed." (Emphasis added).

In 1965, A.R.S. § 15–255 was amended and now provides:

"A. The decision of the board shall be final unless the teacher aggrieved files, within ten days *after receiving the notice of termination,* an appeal with the superior court of the county within which he was employed." (Emphasis added).

It is apparent that A.R.S. § 15–255, subsec. A contemplates that the notice of termination will be given *after* the hearing. Because the legislature requires five days written notice to the teacher of the time and place of the hearing, it has, in effect, established March 10 as the cut-off date for automatic renewal. If there has not been a hearing and notice of termination as prescribed by the statutes on or before March 15th, there is an implied waiver of all deficiencies which may have occurred on March 10th or before.[1]

---

1. This does not preclude the board from terminating the renewal contract if the

deficiencies are repeated. Palicka v. Ruth Fisher School Dist. No. 90, 13 Ariz.

Since the hearing was not held prior to March 15, appellants failed to follow the statutory procedure which must be strictly followed. Tempe Union High School Dist. v. Hopkins, supra.

Affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.

App. 5, 473 P.2d 807 (1970). Nor does it preclude termination for other deficiencies or misconduct occurring after the March 10 cut-off date.