ERNEST C. GUARENTE *vs.* SHERIFF OF SUFFOLK COUNTY & others.

Suffolk. September 11, 1972. — November 3, 1972.

Present: TAURO, C.J., QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Bail Commissioner. Laches. Equity Jurisdiction,* Laches.

A suit in equity seeking reinstatement of the plaintiff as a standing bail commissioner of Suffolk County, commenced promptly after the Superior Court's committee on bail denied him reinstatement, was not barred by laches, even though a substitute commissioner was appointed and served for about a year between the plaintiff's removal and the committee's hearing thereon. [559]

The removal of a standing bail commissioner by the sheriff of Suffolk County at the "order" of the Superior Court's committee on bail was proper under G. L. c. 276, § 57, providing that the sheriff might

remove bail commissioners with the "approval" of the Superior
Court [559–560]; the discharged commissioner's claim that evidence
presented at a hearing before the committee was insufficient to war-
rant his removal misconceived the situation, since c. 276, § 57, does
not require any cause for removal, any hearing, or any statement
of reasons [560].

BILL IN EQUITY filed in the Supreme Judicial Court for
the county of Suffolk on May 21, 1971.

The suit was reserved and reported by *Braucher*, J.

*James D. St. Clair* (*John G. Fabiano* with him) for the
plaintiff.

*Danielle B. deBenedictis*, Deputy Assistant Attorney
General, for the Superior Court.

*Gerard A. Powers*, Assistant Corporation Counsel, for
the Sheriff of Suffolk County.

BRAUCHER, J. By this bill for declaratory relief under
G. L. c. 231A, the plaintiff seeks reinstatement as a bail
commissioner in Suffolk County. The defendants are the
sheriff and the judges of the Superior Court, acting by
the court's committee on bail (committee). A single jus-
tice has reserved and reported the case without decision
on the pleadings and a statement of agreed facts with
exhibits. The exhibits include correspondence among
the parties and a transcript of a hearing before the com-
mittee held on January 6, 1971.

We summarize the agreed facts. In 1963 the sheriff,
with the approval of the committee, appointed the plain-
tiff a standing commissioner to take bail, and the plain-
tiff was active in that capacity until November, 1969. In
September, 1969, two judges of the Municipal Court of
the Roxbury District made complaints to the committee
that the plaintiff has "not followed the statute in con-
nection with notifying the District Attorney's office on
many felony cases" and had "not properly investigated
some defendants before setting bail," and the committee
so notified the plaintiff, warning him that further com-
plaints would result in proceedings to terminate his ap-
pointment. In November, 1969, the committee received
a further complaint from one of the same judges. The
committee notified the sheriff and the plaintiff that the
appointment was to be terminated forthwith, and the

sheriff forwarded to the plaintiff a copy of the commit-
tee's letter. Since approximately November, 1969, the
plaintiff has not acted as a bail commissioner. On Janu-
ary 6, 1970, the sheriff wrote the plaintiff that he had
been ordered by the judges of the Superior Court "to
notify you officially that said commission is revoked
forthwith, in fact has been revoked since November."
In December, 1970, the committee granted the plaintiff's
request for a hearing, and the hearing was held on Janu-
ary 6, 1971. At the hearing one of the complaining
judges explained the complaints; the plaintiff made a
partial response and by leave of court submitted a written
response after the hearing. On February 11, 1971, the
committee denied the plaintiff's motion to revoke the
order terminating his services as a bail commissioner.

1. The question is raised whether this case is an ap-
propriate one for declaratory relief under G. L. c. 231A.
As in *County Commrs. of Bristol* v. *Judges of Probate
of Bristol*, 338 Mass. 738, 741, "we merely mention the
point and pass it by. What we decide we could have con-
sidered of our own motion." G. L. c. 211, § 3, as
amended by St. 1956, c. 707, § 1.

2. It is argued that the plaintiff's claim is barred by
laches because a substitute bail commissioner was ap-
pointed during the period of approximately a year be-
tween the initial removal of the plainff and the hearing
before the committee. The plaintiff brought suit promptly
after the decision of the committee in February, 1971,
and we think no laches was established. Compare *Swartz*
v. *Clayton*, 327 Mass. 254, 256.

3. The principal contention of the plaintiff rests on
G. L. c. 276, § 57, as amended through St. 1965, c. 280,
providing that the sheriff may appoint bail commission-
ers with the approval of the Superior Court "and may,
with like approval, remove them." No point is made that
the approval of the committee is not the approval of the
Superior Court. But, he argues, his removal was initi-
ated, ordered and directed by the court rather than by the
sheriff. We think the distinction is immaterial. He
concedes that the court could request removal, and we

think the committee's "order" was no less effective than a "request" or "approval." As the sheriff now contends, he exercised his statutory power by notifying the plaintiff of his removal. Compare *Wasson* v. *Director of Civil Defense,* 339 Mass. 322, 326.

4. Finally, the plaintiff argues that the evidence presented at the hearing did not warrant his removal. This contention misconceives the situation. The statute does not require any cause for removal, any hearing, or any statement of reasons, any more than it does for appointment. See *Knowles* v. *Boston,* 12 Gray 339, 340. Compare *McKenna* v. *White,* 287 Mass. 495, 497–499; *Davis* v. *School Comm. of Somerville,* 307 Mass. 354, 362; *DeCanio* v. *School Comm. of Boston,* 358 Mass. 116, 119–120. It was undoubtedly fair and wise to grant the hearing, but no one was required to present evidence against the plaintiff. He made no showing that his removal was arbitrary or capricious, and we need not pass on the effect of such a showing.

5. A decree is to be entered in the county court declaring that the revocation of the plaintiff's commission was not improper or invalid and that the plaintiff's rights were not violated by the actions of the defendant sheriff and the defendant judges.

*So ordered.*