*Southern District*

## No. 120

# FIRST COUNTY NATIONAL BANK
**v.**
# FRED ROACH AND
# FLORENCE E. ROACH

Argued: January 21, 1976. Decided: July 15, 1976.

Case tried to *Covett, J.,* in the District Court of Brockton. Number: 41289.

Present: Lee, P.J.; Tamkin, Hurd, J.J.

**Tamkin, J.**    This is an action of contract brought on a promissory note signed by the defendants. The declaration is in two counts and alleges in Count One that the defendants made a promissory note on April 23, 1969 with an unpaid balance of $2,471.96, plus $370.79 for attorney's fees. Count Two is for money loaned with an account "A" attached in the amount of $2,471.96, plus $370.79 for attorney's fees. The defendant Fred Roach defaulted for failure to file an answer.

The defendant Florence Roach filed an answer setting forth a general denial, denial of signature, failure of consideration and the Statute of Frauds.

At the trial, after a denial of signature under a Notice to Admit Facts pursuant to G.L.c. 231, §69, and after plaintiff had expended $150.00 to prove the defendant's signature, the defendant amended her answer, admitting that she signed the instrument as alleged, but said that the signature was obtained by fraud and deception, and she received no consideration. The court found for the plaintiff in the amount of $2,842.75 plus taxable costs for proving defendant's signature in the amount of $150.00.

We summarize the evidence as follows: In April of 1969, the defendant Fred Roach was the husband of the defendant Florence E. Roach. Prior thereto April 18, 1967, the defendants both signed a promissory note with the plaintiff bank (not the note on which the action at issue is brought) for $2,259.84 which funds they received to repair and refurbish the family home. The defendant Florence E. Roach testified that her husband never made the repairs to the family home. In April of 1969, defendant Fred Roach obtained a blank note from the plaintiff bank and brought it home. He told his wife, "to sign the note". The defendant Florence Roach signed the blank note.

She testified *de bene* "that her husband had on a prior night over two years before twisted her arm, and that she had run out of the house at midnight in her pajamas and had gone to a neighbor's house".

She would have further testified and an offer of proof was made that this course of conduct continued off and on for the two years prior to her signing the note in question, and she was afraid of what her husband might do if she did not sign the promissory note. She was asked what her conversations were with

her husband at the time she signed the note in question. "She said she wanted more time to read it", and he said "sign it, don't make a federal case out of it."

On a motion to strike by the plaintiff, all the evidence taken *de bene* was striken by the court, and the defendant claimed a report. She attempted to testify further about the conversation she had with her husband about a conversation he had with someone at the bank, and it was objected to and excluded, and a claim for report was made.

A loan officer testified that: The note was negotiated by the bank and the proceeds were paid to the defendant Fred Roach after paying off the balance of $463.87 on the original 1967 loan. The loan officer further testified that the base amount of the second loan was $2,500.00. Prepaid interest and recording fees amounted to $568.64. The amount of $463.87, the balance due on the first loan, was also deducted. The defendant Fred Roach received the net proceeds of $2,036.13.

In June of 1969 and monthly thereafter, the monthly payment of $85.24 was made. The defendant Florence E. Roach paid the monthly payments in October, November and December out of monies received by her from her husband when he was on active naval reserve duty. The defendant Florence E. Roach notified the plaintiff in January of 1970 that her husband had terminated his duty with the Navy and left his station without leaving a forwarding address and that this circumstance prevented her from making payments on the loan.

At the close of testimony before argument, the defendant Florence E. Roach made the following requests for rulings:

1.  There is no evidence to warrant a finding that any consideration was given to the defendant.

2. There is no evidence to warrant a finding that the defendant signed the note in question with the intention that it be negotiated.

3. The evidence warrants a finding that the defendant signed the note in question under duress.

4. The plaintiff takes the instrument free from all defenses of any party except such other incapacity, or duress, or illegality of the transaction, as renders the obligation of the party a nullity. (G.L.c. 106, §3-305).

5. The evidence warrants a finding that the defendant's liability in connection with the note in this case is null and void.

6. There is no evidence to warrant a finding for the plaintiff.

7. The evidence warrant a finding for the defendant.

The court denied One, Two, Five and Six and denied Three because defense of duress is not an issue. The court allowed Four as a correct statement of law however inapplicable to facts found and allowed Seven, but see special findings.

The following findings of fact were made:

This is an action of contract to recover monies due on a promissory note, together with interest thereon and attorney's fees in accordance with the terms of the note, dated April 23, 1969.

The answer of the defendant, Florence E. Roach, is a general denial, signature obtained by fraud, lack of consideration and the statute of frauds.

I find that the defendant and her husband executed a promissory note with the plaintiff on August 18, 1967 in the amount of $2,259.84. Regular payments were made on said note reducing the balance to

$463.87. The promissory note of April 23, 1969 was in the face amount of $3,068.64.

The base amount of this second loan was $2,500.00 Prepaid interest and recording fees amounted to $568.64. The amount of $463.87, the balance due on the first loan was also deducted. The defendant, Fred Roach, received the net proceeds of $2,036.13. In June of 1969 and monthly thereafter, the monthly payment of $85.24 was made. The defendant, Florence E. Roach, paid the monthly payments in October, November, and December out of monies received by her from her husband while he was on active naval reserve duty. I find that the defendant, Florence E. Roach, notified the plaintiff in January of 1970, that her husband had terminated his duty with the Navy and left his station without leaving a forwarding address and that this circumstance prevented her from making further payments on the loan.

I do not find that the defendant was fraudulently induced to sign this note.

The report was stated to contain all the evidence material to the questions reported.

The defendant Florence E. Roach claims to be aggrieved by the court's refusal to take testimony of certain purported facts surrounding the signing of the note and denials of requests for rulings numbered One, Two, Three, Five and Six and to the assessment of costs of $150.00 under G.L.c. 231, §69.

We determine that the trial court was not in error.

*Rulings One, Two, Five and Six:* We do not agree with the defendant's contention that error was made in the denial of the defendant's request for rulings numbered One, Two, Five and Six. We believe "that the justice's special rulings and findings, when considered in their entirety, indicate that his ultimate decision in favor of the plaintiff was not due to the application of incorrect principles of law" (citations

omitted), but rather that it was based upon his subsidiary findings of fact (citation deleted). *DiGesse v. Columbia Pontiac Co., Inc.,* Mass. Adv. Sh. (1975) 3281.

*Duress:* The defendant claims to be aggrieved by the court's refusal to take testimony of certain purported facts surrounding the signing of the note. (Request for Ruling Three). "The evidence warrants a finding that the defendant signed the note in question under duress." The general rule is that in actions of law affirmative matters of defense in bar of the action must be pleaded by answer. *Mulry v. Mohawk Valley Ins. Co.,* 5 Gray 541, (1956). Thus, it is provided by statute that an answer should state each substantive fact intended to be relied on in avoidance of the action. G.L.c. 231, §28.

The penalty for failure to set up an affirmative defense in the answer is that the defendant may not be permitted to offer evidence in support of the defense or otherwise to rely on the defense. *Lwis v. Russell,* 304 Mass. 41, (1939). See *Barsky v. Hansen,* 311 Mass. 14, 17, (1942). Also see *National Development Co. v. Gray,* 316 Mass. 240, 250 (1944). *Swartz v. Clayton,* 327 Mass. 254 (1951).

It is also to be noted that the Rules of Civil Procedure for the District Courts of Massachusetts, effective July 1, 1975, also provides that the affirmative defenses are not only recognized, but are required to be set forth. See M. R. Civ. P., Rule 8 (c) and Dist./Mun. Cts. R. Civ. P., Rule 8 (c).

The affirmative defense of duress has not been set forth therefore evidence in support of duress may not be offered. (Dangel, Defences to Law Actions).

*Assessment of Costs:* G.L.c. 231, §69, then in effect on February 27, 1975 the trial date, provides in part: "If the party upon whom such demand is made

refuses to admit any fact or the execution of any paper or document mentioned in the demand, the reasonable expense of proving such fact or the execution of such paper or document, as determined after summary hearing by the justice presiding at the trial, shall, unless the justice certifies that the refusal to admit was reasonable, be paid by said party to the other party and the amount thereof shall be added to the taxable costs of the party in whose favor such amount is awarded or deducted from the amount of any judgment or decree against him."

At the trial, and after a denial of signature under a Notice to Admit Facts pursuant to the aforestated G.L.c. 231, §69 and after the plaintiff had expended $150.00 to prove the defendant's signature, the defendant amended her answer, admitting that she signed the instrument as alleged.

This was too late. The plaintiff was required and had expended the $150.00 to prove the defendant's signature. The assessment of costs by the trial court under G.L.c. 231, §69, was proper.

There being no prejudicial error, the report is dismissed.