[Civil No. 3556.   Filed June 3, 1935.]

[45 Pac. (2d) 666.]

M. W. MILLER, Appellant, v. BERTHA STRINGFIELD, a Spinster, Appellee.

Mr. John C. Lee, for Appellant.

Messrs. Kibbey, Bennett, Gust, Smith & Rosenfeld and Mr. Ivan Robinette, for Appellee.

LOCKWOOD, C. J.—M. W. Miller, hereinafter called plaintiff, brought suit against Bertha Stringfield, hereinafter called defendant, to recover on a certain promissory note given by defendant to W. C. Miller, the son of plaintiff, and by him later sold to plaintiff. Defendant answered, admitting the execution and delivery of the note, but pleading payment. The case was tried to the court, and judgment rendered in favor of defendant, whereupon this appeal was taken.

There are three assignments of error which we can best consider after stating the facts of the case. These facts, stated as strongly in behalf of the defendant as the evidence will reasonably allow, as under our oft-repeated decisions we must assume them to be, are as follows:

Defendant was desirous of borrowing the sum of $160, and, understanding that plaintiff was in the business of loaning money, applied to him for a loan. After some discussion, the deal was consummated on the following terms: Defendant was to give to W. C. Miller, in whose name the loan was made, a lot which she owned in San Diego, California, as a bonus or premium for his making the loan, and was to mort-

gage to him another lot as security for such loan. The deed and mortgage, as aforesaid, were duly executed and the loan was made. About the time the loan became due, defendant, finding that she was unable to pay it, went to plaintiff and offered to give him a deed outright to the mortgaged property in payment of the indebtedness. He accepted the proposition and drew up a deed in favor of W. C. Miller, which was duly executed and delivered to plaintiff. All the negotiations from start to finish were conducted by plaintiff; W. C. Miller not being present at any of them.

Many of the foregoing facts are denied by plaintiff, but they are supported by the evidence of defendant, and we must assume the court believed her. When judgment was rendered, the following minute entry was made: "This cause comes on for ruling on matter under advisement. It is ordered that upon the presentation of a formal, written judgment by the Defendant, and its approval and signing by the Court, judgment will be rendered in favor of the defendant and against the Plaintiff, on the ground that the burden of proof is in the plaintiff, and he has failed to sustain the burden," and a formal written judgment was duly filed, as required by the uniform rules.

The first assignment of error is based on the theory that the minute entries show the court rendered judgment in favor of defendant because it believed that the burden of proof was on the plaintiff to show that payment had not been made. We agree with plaintiff that, when suit is brought upon a promissory note and defendant admits the execution and delivery of the note, but claims that the indebtedness has been paid, the burden of showing such payment is upon defendant, and, if we are to take the minutes as meaning that the trial court deter-

mined the case upon the theory that the burden was upon plaintiff to prove the payment had not been made, it would necessarily require a reversal of the judgment. The minute entry, however, does not mention the issue of payment, and, upon examining the transcript of evidence, we think it clearly appears that plaintiff has misconstrued its meaning. In every case the burden of proof upon the whole case is always upon plaintiff, although the burden of procedure, sometimes erroneously called the burden of proof, may shift from time to time, in accordance with the various pleadings and the status of the case. The record shows that the execution and delivery of the note in question was admitted by defendant. This satisfied the law in regard to the burden of proof imposed upon plaintiff up to that point, and, had there been no further pleadings or evidence, judgment should have been rendered in favor of plaintiff. Defendant, however, after admitting the execution and delivery of the note, contended that it had been paid. This shifted the burden of procedure to defendant to establish by a preponderance of the evidence her plea of payment. She met this by showing that she had offered to deed the mortgaged lot outright to the payee of the note in full payment of the debt and that the deed had been by her executed and delivered for that purpose. This sustained the burden of procedure resting upon her, and it again shifted to plaintiff the burden of showing some reply to the *prima facie* case of payment made by defendant. This he attempted to do by admitting the execution and delivery of the deed, but claiming that it was made for the purpose of allowing him to sell the lot in question on defendant's account and not as a settlement of the debt. We think that, when the court in its minute entry referred to his failure to

sustain the burden of proof, the reference was meant to apply to the case as a whole, where the burden was unquestionably upon plaintiff, and not to the particular issue of payment.

Had the case been tried to a jury, it might perhaps have been contended that an instruction in the language of the minute entry would have been ambiguous and misleading. Since, however, it was tried to the court, we must presume that, if the minute entry can reasonably be given an interpretation in harmony with the law, the trial court so intended it. The first assignment of error is not well taken.

The second assignment of error is based on the weight of the evidence, and we have held times without number that we cannot consider an assignment of this kind upon appeal.

The third assignment of error is that the deed which defendant alleges she gave in payment of the loan is as a matter of law an equitable mortgage securing the repayment of the loan. It is, of course, true that a deed, absolute in form, may be merely an equitable mortgage, and that parol evidence is generally admissible to show this. But, if the evidence shows that the deed was accepted as full payment for the debt, it is not a mortgage. The defendant testified that this was the agreement, and the court evidently believed her.

For the foregoing reasons, the judgment of the superior court is affirmed.

McALISTER and ROSS, JJ., concur.