[Civil No. 4037. Filed February 27, 1939.]

[87 Pac. (2d) 482.]

ROBERT E. HARVEY and NELL HARVEY, His Wife, Appellants, v. JOHN L. AUBREY, Appellee.

Messrs. Cox & Moore and Mr. B. L. Hibbert, for Appellants.

Mr. Marshall W. Haislip, for Appellee.

LOCKWOOD, J.—This is an action in forcible detainer by John L. Aubrey, hereinafter called plaintiff, against Robert E. Harvey and Nell Harvey, his wife, hereinafter called defendants, to recover possession of certain real property. Judgment went for plaintiff, and defendants have appealed.

The complaint sets up, in substance, that plaintiff was the owner of certain property; that on or about the 29th of June, 1937, he leased, in writing, the premises to the defendants for such time as would be necessary to cultivate and gather a certain crop of cotton then growing on the premises; that the defendants had completed the gathering of the cotton on or about

the 25th of January, 1938, but still held possession of the premises against the will and consent of the plaintiff, and that plaintiff had made written demand for possession of the premises, but defendants refused to give it. The complaint further alleged:

"That the defendants herein do not now have any lease on the above described premises, nor do they have any rights to the possession of said premises."

Defendants answered, admitting the ownership of the property to be in plaintiff, and that it had been leased to them as alleged by plaintiff, and that the original lease had expired, but claimed that they held possession of the premises under a new oral lease from the plaintiff for the season of 1938, on the same terms and conditions as the former lease.

The case went to trial before a jury. The original written lease was offered in evidence without objection, and both parties then presented testimony in support of their theories of the case, defendants claiming that a new oral lease had been given them, and plaintiff insisting that it had not. All of the parties agreed that the original lease had, by its terms, expired. The court then instructed the jury that the real issue was whether or not a new oral lease had been given to the defendants in 1938, after the expiration of the original lease, and that the burden of proof was on defendants to show that this was the case, and the case was then argued. During the course of the argument, counsel for defendants attempted to argue some feature of the written lease of 1937, which it was agreed had expired. This was objected to by counsel for plaintiff, and the court, after some discussion, refused to permit the argument to proceed along the line attempted. The jury returned a verdict in favor of plaintiff, and a motion for new trial was made. On a hearing of this motion the principal ob-

jection urged was the refusal of the court to permit the argument above referred to.

It is difficult to determine just exactly what it was that counsel for defendants attempted to argue, but so far as we can ascertain from the record it was something concerning the clause in the written lease of 1937, which reads as follows:

"The party of the first part further covenants and agrees that upon the harvesting of said cotton crop the party of the second part shall have the opportunity to lease said premises for a further period of one year at a reasonable rental, said rental to be determined on said date."

The court insisted that such clause was not an issue in the case and could not properly be argued, the only issue being whether or not by virtue of the clause a new agreement had actually been entered into, and the motion for new trial was overruled.

On this appeal there are two questions raised by the assignments of error. The first is whether the court erred in instructing the jury that the burden was on the defendants to prove by a preponderance of evidence the making of a new lease for 1938. It is the contention of defendants on this appeal that the allegation in the complaint that "the defendants herein do not now have any lease on the above described premises" placed the burden on plaintiff to show by a preponderance of the evidence that the lease for 1938 was not made, and they urge that when a negative allegation is an essential element of a complaint the burden is upon the plaintiff to prove such allegation.

As an abstract proposition this is no doubt true, for the general rule of law is that the burden is upon the plaintiff to prove his case by a preponderance of the evidence. If defendants had contented

themselves with a general denial of the allegations of the complaint, it might perhaps be said that it was incumbent upon the plaintiff to prove the negative allegations that the defendants were not in possession by virtue of a lease. But defendants in their answer admitted that the lease set up in the complaint, under which they originally went into possession of the premises, had expired, and then alleged affirmatively that they held possession by reason of a certain new specific lease executed after the expiration of the original one.

██ ██ On this state of the pleadings, we think the issue had narrowed, and while the burden of proof was not shifted thereby, for such burden never shifts, the burden of procedure had been shifted by the affirmative allegation of the defendants, resting their title on the specific lease which they set up. On the issues as thus formed by the pleadings, we think that the essential elements of the complaint sufficient to make a *prima facie* case for plaintiff were admitted by defendants, and that they were bound to show by a preponderance of evidence the existence of the new lease upon which they alleged their right of possession rested. The court, therefore, did not err in its instruction that the burden was upon the defendants to show the new lease by a preponderance of the evidence.

██ The second question is a more serious one. It is the general rule that counsel are allowed considerable latitude in arguing a case to a jury, and that they may argue not only as to the existence of the facts which some evidence shows directly, but also as to the reasonable inferences of fact to be drawn from the evidence. They have not, however, the right to argue any matter which is not in issue, except as it may bear on a matter which is in issue. As we have stated,

the record does not show precisely the line of argument which the court forbade, but apparently counsel for the defendants desired to argue that it was reasonable to infer from the fact that a clause in the original lease permitted a new lease under certain conditions, that the new lease had actually been made. The position of the court apparently was that though it was admitted by both parties that under the provisions of the old lease the parties might, if they desired, agree upon a new one, this provision in the old lease could not reasonably raise an inference that by reason thereof a new lease had been made, and it was, therefore, improper for counsel to argue the clause in the old lease as a basis for such an inference.

The question is not without doubt, but we are inclined to think that the court was correct in its ruling. The clause in the old lease that the parties might, if they so desired, make a new lease is no evidence that they did make one, and we think it would have been improper to argue from that clause that the jury might infer that a new lease was made. Suppose for example, that the defendants had offered the original written lease in support of their plea that a new lease had been made, and had then rested. It is obvious that a verdict in favor of defendants could not have been sustained by such evidence. Nor could such lease be taken as corroborative evidence of their direct testimony that a new lease had been made. This being the case, we think the court did not err in refusing to permit counsel for defendants to make such an argument.

The judgment of the trial court is affirmed.

ROSS, C. J., and McALISTER, J., concur.