473 P.2d 807

Abra L. PALICKA, Appellant,

v.

RUTH FISHER SCHOOL DISTRICT NO. 90 OF MARICOPA COUNTY and Board of Trustees of said School District No. 90 of Maricopa County, Appellees.

No. 1 CA–CIV 1127.

Court of Appeals of Arizona, Division 1, Department A.

Aug. 31, 1970.

Rehearing Denied Sept. 30, 1970.

Review Denied Nov. 24, 1970.

---

Murphy, Posner & Franks, by John R. Franks, Phoenix, for appellant.

Moise Berger, Maricopa County Atty., by Albert Firestein, Deputy County Atty., Phoenix, for appellees.

CAMERON, Judge.

This is an appeal by Mrs. Abra L. Palicka, teacher, from a judgment of the court sitting without a jury which upheld the actions of the Board of Trustees of the Ruth Fisher School in terminating a teaching contract between the teacher and the Board.

The Court is called upon to decide three issues:

1. Whether A.R.S. § 15–254 requires that written notice of termination be given within three days of the hearing by the Board.

2. Whether the Board is estopped from asserting, or has waived, the alleged deficiencies in plaintiff's performance of her teaching duties by rehiring her for another year with knowledge of these alleged deficiencies.

3. Whether the burden is on the Board to show good cause for termination when a probationary teacher under a current contract is dismissed.

The facts are as follows. The Ruth Fisher School is a small elementary school near Tonopah, Maricopa County, Arizona, with four teachers each teaching two grades at a time. The head teacher was Glen E. Sanders who supervised the operation of the school for the trustees. He also taught two grades. Abra L. Palicka became a teacher under contract at the Ruth Fisher School for the 1966–67 school year. She completed her teaching duties for that year, and her contract was renewed for the 1967–68 school year. Toward the end of the 1967–68 school year, the Board of Trustees of School District No. 90 instructed Sanders to inform plaintiff that her contract would not be renewed for the 1968–69 school year. Grounds were given as inefficiency, lack of discipline in the classroom, failure to control emotions when correcting or disciplining children, and failure to possess proper qualifications as a teacher as required by the Board of Trustees. At this time the teacher was still classified as a probationary teacher since her contract had not been renewed for the fourth consecutive year (see A.R.S. § 15–251, subsec. A [2 & 3]). Sanders orally informed plaintiff of the decision, but failed to give her written notice prior to 15 March of that year, as is required by A.R.S. § 15–252. This failure to give written notice caused the contract to be automatically renewed for the following year by operation of law. School District No. 6 of Pima County v. Barber, 85 Ariz. 95, 332 P.2d 496 (1958).

After realizing their error, the Board went ahead and entered into a written contract with plaintiff for the 1968–69 school year. The plaintiff began her teaching duties as required by the new written contract, but, after teaching for eight days in September of 1968, she received written notice that she had been recommended for dismissal on the same grounds mentioned previously; namely, inefficiency, lack of discipline in the classroom, failure to control emotions when correcting or disciplining children, and failure to possess proper qualifications as a teacher as required by the Board of Trustees. The notice also advised her of her suspension from her duties as teacher and of the fact that the Board of Trustees had set a hearing on the matter for 20 September 1968. The teacher attended the hearing with counsel. At its conclusion that same day she was orally advised by the Board that her suspension would be made permanent and that her contract would be terminated. She received written notice of dismissal seven days later on 27 September 1968.

The teacher filed suit in Superior Court alleging wrongful breach of her employment contract and unlawful termination under A.R.S. §§ 15–251 to 260. The Board answered admitting the contract, but alleging that the dismissal was for good cause. After hearing the matter without a jury, the Superior Court gave judgment for defendant-board, and against the plaintiff-teacher. From this judgment the teacher appeals.

## NOTICE OF TERMINATION

■ Written notice of the suspension was received by the teacher seven days after the hearing. She urges that A.R.S. § 15–254 requires that written notice of termination of employment must be given within three days and that failure to give written notice within three days makes the attempted termination void. A.R.S. § 15–254 reads in part as follows:

"Within three days following the hearing the board shall determine whether there exists good and just cause for dismissal and shall render its decision accordingly * * *. If the decision of the board is to dismiss the teacher, notice of termination shall then be given as provided by §§ 15–252 and 253."

The teacher's argument is that because the statute sets three days within which the Board must reach its decision and then goes on to state that notice "shall then be given" the Board must give notice within three days of the hearing in the manner provided in A.R.S. §§ 15–252 and 253. We do not agree.

■ The statute is silent as to the time period within which the notice to the teacher must be given, but it is clear that the legislature did not intend that it must be given within three days after the hearing. This three-day period is the time within which the Board may come to a decision, notice to be given thereafter. In the present case, notice was given within seven days and we feel this was a reasonable time under the circumstances and complied with the statute.

## WAIVER AND ESTOPPEL

It is next contended that the Board waived the alleged deficiencies in her teaching, or is estopped from asserting them, by allowing her contract to be automatically renewed for the 1968–69 school year. The teacher's argument is that the alleged grounds for dismissal were verbatim the same grounds asserted prior to 15 March 1968 when the Board of Trustees unsuccessfully tried to dismiss her by failing to renew her contract for the following year. She therefore claims that the alleged deficiencies were known to the Board when it entered into the renewal contract and that the Board waived or is estopped from asserting these as grounds for dismissal even though occurring after 15 March 1968.

■ To hold that the rehiring of a teacher with known deficiencies in her teaching methods precludes a later dismissal for these same deficiencies when repeated would mean that a young or inexperienced teacher would likely not be rehired on the hope that she might improve as she gained experience, because if she did not improve, the school board would be compelled to keep her regardless of her actions. The Teachers Tenure Act, A.R.S. § 15–251, et seq., was not intended to prevent school boards and administrators who rehire probationary teachers with known faults on the hope that they can assist the teacher in overcoming her deficiencies from later dismissing the teacher for cause in the future should their efforts fail. The Board is therefore not estopped and has not waived its defense that the teacher breached her contract and was dismissed for good cause consisting of the alleged deficiencies in her teaching occurring after the automatic extension of her contract on 15 March.

## BURDEN OF PROOF

The final issue for determination is whether the burden is on the School Board teacher, or whether, on the other hand, the to show good cause for the dismissal of the burden is on the plaintiff to show lack of

good cause. The judgment contained the following statement:

"[T]he Court having been fully advised in the premises, having taken the matter under advisement, now assuming that the plaintiff had the burden of proving that the defendant board did not have good cause to dismiss the plaintiff, finds that the plaintiff did not meet this burden of proof, without determining the issue of whether the board did in fact have such good cause to dismiss plaintiff * * *."

Relying on his determination that the teacher had the burden of proving lack of good cause, the trial judge merely found that the teacher had not met her burden of proof, without determining whether good cause for the termination of the contract actually existed.

■ The Arizona Supreme Court has established it as the law in Arizona that a probationary teacher under a currently operative contract cannot be dismissed from that contract except for good cause:

"In their [probationary teachers] case, if their contract is not be be renewed, only the proper notice is required, and the Board need not show 'good cause', but if they are discharged from a currently operative contract they 'cannot be discharged except for good cause after hearing.'" Johnson v. Board of Education, 101 Ariz. 268, 272, 419 P.2d 52 (1966).

In the instant case, the teacher contends that the Board has the burden of showing good cause and the Board contends that the teacher has the burden of showing a lack of good cause.

■ It is the general rule that the party asserting the affirmative of an issue has the burden of proving it. Harvey v. Aubrey, 53 Ariz. 210, 87 P.2d 482 (1939);

Southwest Cotton Co. v. Ryan, 22 Ariz. 520, 199 P. 124 (1921). Thus, in the present case the initial burden would fall upon the teacher since she is attempting to establish a breach of contract. The burden of proof never shifts, although the burden of going forward with the evidence may shift from time to time during the course of the trial. Harvey v. Aubrey, supra; Miller v. Stringfield, 45 Ariz. 458, 45 P.2d 666 (1935). Therefore, while the burden of proof in this case remains with the teacher, once the teacher had established the fact that she had entered into a valid contract with the school district and that she had been dismissed before the complete performance of that contract, the burden of going forward with the evidence shifted to the Board to establish any defense it might have. In other words, after the teacher had established her teaching contract and the fact of dismissal, both of which the Board admitted, the burden of establishing good cause as a defense rested with the Board. We note that the teacher's complaint attempted to anticipate the affirmative defense of good cause. Although this may have created some confusion in the minds of the parties, we do not believe that this changes the obligation of the Board to establish good cause. Since the trial court made no determination as to whether the Board met this burden, the case must be remanded for a new trial.

Judgment reversed.

DONOFRIO, P. J., and WARREN C. RIDGE, Superior Court Judge, concur.

NOTE: Judge HENRY S. STEVENS having requested that he be relieved from consideration of this matter, Judge WARREN C. RIDGE was called to sit in his stead and participate in the determination of this decision.