477 P.2d 537

Guadalupe PELAYO, Guardian ad Litem of Rosalinda Pelayo, and Jesus Maria Contreras, Guardian ad Litem of Maria Gerardina Contreras, and Frank Leon, Appellants,

v.

Robert L. BELL, Appellee.

No. 2 CA–CIV 841.

Court of Appeals of Arizona, Division 2.

Dec. 10, 1970.

Rehearing Denied Jan. 22, 1971.
Review Denied Feb. 23, 1971.

Silver, Ettinger & Karp, by Jack A. Ettinger, Tucson, for appellants.

Murphy, Vinson & Hazlett, by John U. Vinson, Tucson, for appellee.

KRUCKER, Judge.

The plaintiffs, Lourdes Pelayo, Rosalinda Pelayo, Maria G. Contreras, Frank Leon and Belynda Leon, sued defendant, Robert Bell, for damages incurred as the result of an automobile accident. Lourdes Pelayo settled his claim prior to trial. Counsel for plaintiffs and defendant agreed on an award of $600 to Belynda Leon for property damage to her car, which was driven by Frank Leon, prior to the trial. The court directed a verdict for Maria Contreras and Rosalinda Pelayo as to liability and awarded the fathers of the two girls medical expenses. The jury then returned a verdict against Frank Leon, but failed to fix damages to the two girls. The judge therefore sent the jury back again to return two verdicts as to the girls. Consequently, the jury returned verdicts of $400 for Maria Contreras and $500 for Rosalinda Pelayo. Plaintiffs now appeal from the judgment and denial of their motion for a new trial.

The facts are as follows. In May, 1968, plaintiffs were proceeding west on 22nd Street in Tucson, driven by Frank Leon. Defendant was going east on 22nd, but proceeded to turn north onto Tucson Boulevard and collided with plaintiffs.

The following contentions are made on appeal:

1. Defendant's attorney prejudicially argued to the jury in the closing argument.
2. The trial court erred in not directing a verdict in favor of Frank Leon and in giving a contributory negligence instruction.
3. The damages awarded Rosalinda Pelayo and Maria Contreras were insufficient.
4. The trial court erred in sending the jury out a second time.
5. The jury's verdict was a result of passion and prejudice.

We shall take them in order.

■ First, plaintiffs contend defense counsel made prejudicially erroneous statements in his closing argument. In particular, they urge that he stated the accident took place in a construction zone, while there was construction only on the opposite side of the street. Plaintiffs also contend that defendant's attorney stated plaintiff Frank Leon was speeding when there was no such evidence.

The exact comments were as follows:

"Now, in looking at the facts of this accident, I think we have to look at the circumstances of the accident. It is at night. It is in a construction zone. And Mr. Leon concedes it was in a construction zone and I asked him, 'Was there construction in the intersection?'

And he said, 'Yes.'

\*     \*     \*     \*     \*     \*

Now, he also testified that he was injured in the accident, left by way of an ambulance so obviously he didn't see the sign afterward, he saw it before. He knew he was in a construction zone, so is thirty miles an hour, the speed he gives, is that a reasonable or unreasonable speed? And I submit thirty miles an hour, even though it is the speed limit, can, under the proper circumstances and under the proper circumstances, be negligence all by itself."

One purpose of closing argument is for each side to argue his theory of the case and the facts and attack those of his opponent. In the instant case, testimony had revealed both the nature of the construction work near the accident scene and the approximate speed plaintiff was traveling at the time of the accident. Counsel therefore was free in his closing argument to construe, within reason, those facts as to fit his case theory. We do not believe calling the accident site a construction zone and suggesting plaintiff was speeding in light of the construction zone are arguments outside the evidence.

■ Counsel may not only argue the facts presented by the evidence but any rea-

sonable inference to be drawn from them. Harvey v. Aubrey, 53 Ariz. 210, 87 P.2d 482 (1939).

Secondly, plaintiffs contend the trial court erred in failing to direct a verdict for Frank Leon and in giving a contributory negligence instruction. Plaintiffs contend there was absolutely no evidence Frank Leon contributed to the accident.

The transcript reveals only one element of contributory responsibility which might be attributed to Frank Leon. Defendant testified plaintiff Leon's right blinker was on and that this led him to believe he could follow the Leon car as it proceeded north. Defendant, in short, believed no through traffic would impede his left turn across 22nd Street.

Assuming for the sake of argument that this is true, we have found no cases in point which hold that someone proceeding along a highway in a right-of-way position, who is injured by the negligence of someone turning in front of him, can be contributorily negligent by having a blinker on. However, cases generally hold that the question of contributory negligence is a jury question when referring to the contributory negligence of a motorist with the right of way. 3 Blashfield, Automobile Law and Practice § 114.88 (3d ed. 1965). And there are related cases on misleading other drivers into certain conduct and thus creating danger. 3 Blashfield, Automobile Law and Practice § 114.47 (3d ed. 1965).

■ In light of these cases, we believe the trial court was correct to give the issue of contributory negligence to the jury by instruction.

■ Plaintiffs contend the damages awarded Maria and Rosalinda were insufficient. The jury awarded Rosalinda $500 and Maria $400. Rosalinda's father was awarded $155 he paid out for her medical expenses. Maria's father was also awarded the expenses he paid for her, $107.50.

A doctor's statement was read in the record in regard to both girls' injuries since he was unable to appear. Maria suffered from headaches, a chipped tooth, and various pains. The doctor concluded, however, her injuries were nonserious in nature and should result in no serious permanent consequences.

Rosalinda suffered a knee injury plus multiple bruises to her left leg and right ankle. At some later point in time she complained of pain in her right leg. The doctor concluded her injuries were neither acute nor chronic.

In light of these statements, we do not believe the jury awarded insufficient damages. The expert testimony indicated the girls suffered non-permanent injuries and that their pain and suffering was not chronic. Under these conditions we find the awards appropriate.

Lastly, plaintiffs contend that it was error for the trial court to return the jury to deliberation, after it was clear they did not follow the court directives, for to do so invited a verdict that would result in an impassioned finding.

When the jury returned the first time they had signed one verdict against Frank Leon. There was no verdict signed as to the two girls given directed verdicts. So the court returned them to deliberation at which time they returned the two verdicts complained of earlier as insufficient.

To begin, we do not believe that the plaintiffs here can assume the jury failed to return verdicts for the two girls because they believed the directed verdicts were unfair. We believe it is entirely possible that the jury was confused and did not realize it was supposed to fix the amount of damages. Passion or prejudice by a jury is never presumed.

■ In these circumstances, we believe it was correct for the trial judge to return the jury for deliberation. In Fornara v. Wolpe, 26 Ariz. 383, 226 P. 203 (1924), the Arizona Supreme Court held that when a verdict is not responsive to the issues submitted, the court should call it to the jury's attention and send it back for further deliberation. We believe this prac-

tice is not only common but essential in appropriate instances as giving a trial jury full opportunity to decide a case and preventing unnecessary further litigation. Cf. Ulan v. Richtars, 8 Ariz.App. 351, 446 P.2d 255 (1968).

Judgment affirmed.

HATHAWAY, J., and BEN C. BIRD-SALL, Superior Court Judge, concur.

Note: Judge LAWRENCE HOWARD having requested that he be relieved from consideration of this matter, Judge BEN C. BIRDSALL was called to sit in his stead and participate in the determination of this decision.