NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

PHYLLIS STRICKLAND, *Plaintiff/Appellant*,

*v.*

CALTON & ASSOCIATES, INC., et al., *Defendants/Appellees*.

No. 1 CA-CV 24-0336
FILED 01-07-2025

Appeal from the Superior Court in Maricopa County
No. CV2023-011525
The Honorable Dewain D. Fox, Judge

**AFFIRMED**

COUNSEL

Boliver Law Firm, Chandler
By Gail E. Boliver
*Co-Counsel for Plaintiff/Appellant*

Sacks Tierney PA, Scottsdale
By Christopher D. Lonn
*Co-Counsel for Plaintiff/Appellant*

Meagher & Geer PLLP, Scottsdale
By Thomas H. Crouch
*Counsel for Defendants/Appellees*

## MEMORANDUM DECISION

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Angela K. Paton joined.

**F O S T E R**, Judge:

**¶1**		Plaintiff Phyllis Strickland appeals the dismissal of her lawsuit against Calton & Associates, Inc. ("CAI"), Daryl Ray Calton (individually "Calton") and Virginia Calton. For the following reasons, this Court affirms.

## FACTS AND PROCEDURAL HISTORY

**¶2**		When reviewing a dismissal pursuant to Arizona Rule of Civil Procedure 12(b)(6), "courts must assume the truth of all well-pleaded factual allegations and indulge all reasonable inferences from those facts." *Coleman v. City of Mesa,* 230 Ariz. 352, 356, ¶ 9 (2012).

**¶3**		In 2012, Strickland and her husband met Calton, a licensed securities professional working for broker-dealer CAI. Soon after, Calton recommended they invest in a real estate product, which they did.

**¶4**		Two years later, Calton recommended the Stricklands sell the real estate investment and reinvest in another real estate product titled American Realty Capital Healthcare Trust II ("Product"), which they agreed to do. This Product was a non-traded real estate investment trust and was illiquid, meaning the Product could not generally be sold on the open market.

**¶5**		Strickland does not remember receiving a prospectus related to the Product at the time of the transaction but admits she may have received it. The Stricklands signed a subscription agreement that stated they received and understood the prospectus. Strickland suspected that statements made on the subscription agreement were not accurate, including the provision that they received the prospectus, understood it and that the representations about their net worth were accurate.

**¶6**		Strickland's husband became disabled at some point and the Stricklands contacted Calton to liquidate the Product. Calton advised liquidation was not available even though the Stricklands received a letter

in 2020 from a third party offering to purchase it. After her husband passed away in 2021, Calton advised Strickland to sign a new account form and re-register with CAI. Strickland signed the re-registration form, which again contained inaccurate information about her net worth. Strickland again asked Calton to liquidate the Product and was again told she could not.

¶7            Strickland consulted an attorney in 2021 or 2022 for legal assistance relating to her investment. In September 2022, Strickland pursued claims against Calton and CAI with the Financial Industry Regulatory Authority ("FINRA"). An arbitration panel dismissed the claims as time-barred pursuant to FINRA's six-year eligibility rule prohibiting claims filed six years after the Product's sale in 2014.

¶8            Strickland then filed this lawsuit against Calton and CAI in July 2023. She brought claims for breach of contract, breach of the covenant of good faith and fair dealing, professional negligence, negligent supervision, negligent misrepresentation, negligent due diligence,[1] breach of fiduciary duty, Arizona securities fraud under A.R.S. § 44-1991, participant liability under A.R.S. § 44-2003(A),[2] investment-advisory fraud under A.R.S. § 44-3241, *respondeat superior* and constructive fraud.

¶9            Strickland alleged "Calton and CAI failed to properly conduct due diligence on [the Product and the Stricklands] to determine if [the Product] was suitable for [the Stricklands] considering their age, income, status in life, year to retirement, [and] risk tolerance." Strickland claimed Calton and CAI never disclosed that the Product was illiquid. Strickland alleged Calton and CAI deceived her and her husband about the investment's value. She sought actual damages for approximately $236,000 and requested punitive damages.

¶10           Calton and CAI moved to dismiss based on the expiration of the statute of limitations. After oral argument, the superior court found Strickland's claims accrued in 2014 at the time of the sale and rejected Strickland's argument that the discovery rule and continuing-tort doctrine

---

[1] Strickland brings a claim for negligent due diligence "[p]ursuant to applicable securities regulations, industry standards and Arizona law," without citing any underlying authority. This Court treats this count as one for ordinary negligence.

[2] A.R.S. § 44-2003(A) applies to "action[s] brought under §§ 44-2001, 44-2002 or 44-2032," none of which Strickland alleged in the complaint.

applied to toll the statute of limitations. The court dismissed all claims, awarded attorneys' fees to Calton and CAI and entered final judgment.

**¶11**　　　　This Court has jurisdiction over Strickland's timely appeal under A.R.S. § 12-2101(A)(1).

## DISCUSSION

### I.　　Discovery Rule & Continuing-Wrong Doctrine

**¶12**　　　　A dismissal based on the expiration of statutes of limitations is reviewed *de novo*. *Worldwide Jet Charter, Inc. v. Toulatos*, 254 Ariz. 331, 336, ¶ 15 (App. 2022). The statute of limitations begins to run "when the act upon which [the] legal action is based took place, even though the plaintiff may be unaware of the facts underlying his or her claim." *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586, 588 (1995). If a defendant affirmatively establishes that the statute of limitations applies, then the plaintiff bears the burden of proving the limitations period was tolled. *See Troutman v. Valley Nat'l Bank of Ariz.*, 170 Ariz. 513, 517 (App. 1992).

**¶13**　　　　At issue here is the Product sale in 2014. The relevant limitations period for Strickland's claims are: (1) two years for statutory fraud pursuant to A.R.S. § 44-1991, *see* A.R.S. § 44-2004(B); (2) three years for statutory fraud under A.R.S. § 44-3241, *see* A.R.S. § 44-3241(B); (3) two years for common-law duty claims, *see* A.R.S. § 12-542; and (4) three years for oral contract, *see* A.R.S. § 12-543(1), or six years for written contract, *see* A.R.S. § 12-548. Allegations of participant liability under A.R.S. § 44-2003, *respondeat superior* liability and a request for punitive damages are not separate claims and do not have their own statutes of limitations. *See* A.R.S. § 44-2003 (parties under the enumerated acts proscribed "shall be jointly and severally liable to the person who is entitled to maintain such action"); *Laurence v. Salt River Project Agric. Improvement & Power Dist.*, 255 Ariz. 95, 104, ¶ 35 (2023) (a plaintiff can still bring a *respondeat superior* claim against an employer even if the claim against the employee was dismissed without prejudice so long as it falls within the statute of limitations); *Sisemore v. Farmers Ins. Co. of Ariz.*, 161 Ariz. 564, 566 (App. 1989) (a punitive damages claim is not a separate claim that can be enforced from the underlying tort claim). Given that the longest applicable limitations period for Strickland's claims is six years, any claim brought in 2023 based upon the 2014 sale is time-barred unless it was tolled.

### A. Discovery Rule

**¶14** Strickland first argues the discovery rule tolled the statutes of limitations because the defendants continued to engage in a series of wrongs that she did not discover until late 2021 or 2022 when she and her attorney asked to sell the Product.

**¶15** When an injury or act causing injury is difficult to detect, courts can apply the discovery rule to toll the statute of limitations. *Gust*, 182 Ariz. at 590. Under the discovery rule, a cause of action accrues when a "plaintiff knows or with reasonable diligence should know the facts underlying the cause." *Doe v. Roe*, 191 Ariz. 313, 322, ¶ 29 (1998). The discovery rule tolls the statute of limitations only where a plaintiff establishes that crucial facts underlying their claims were "difficult for the plaintiff to detect." *ELM Ret. Ctr., LP v. Callaway*, 226 Ariz. 287, 290, ¶ 12 (App. 2010) (quoting *Gust*, 182 Ariz. at 589). The key question is whether a plaintiff "possess[es] a minimum requisite of knowledge sufficient to identify that a wrong occurred and caused injury" and has "reason to connect the 'what' to a particular 'who.'" *Walk v. Ring*, 202 Ariz. 310, 316, ¶ 22 (2002) (emphasis omitted).

**¶16** Strickland's discovery rule argument is unavailing. The complaint shows that she was on notice of potential wrongdoing in 2014 when she suspected the forms she signed contained inaccurate information. She admits that in 2014 she would not have been able to understand the prospectus, but points to no crucial facts that made it difficult for her to detect alleged wrongful acts within the statutory limitations period. She knew she did not understand the prospectus and knew or should have known her own net worth. She had a duty to investigate beginning in 2014, *see Doe*, 191 Ariz. at 322, ¶ 29, but delayed filing suit until 2023. She also knew the "who" in 2014 because all her dealings were with Calton. Strickland failed to establish a tolling defense.

### B. Continuing-Wrong Doctrine

**¶17** Strickland next contends that her claims filed in 2023 were timely because Calton and CAI committed continuing wrongs that she did not discover until 2021 or 2022. Under the continuing-wrong doctrine, a claim "based on a series of closely related wrongful acts" is treated as continuous and the claim accrues for statute of limitations purposes at the termination of the wrongdoing, not the inception. *Watkins v. Arpaio*, 239 Ariz. 168, 171, ¶ 9 (App. 2016). Though similar in nature to the discovery doctrine because they both provide relief from statutes of limitations, the

continuing-wrong doctrine is an independent concept. *Compare Cruz v. City of Tucson*, 243 Ariz. 69, 74, ¶ 20 (App. 2017) (under the continuing-tort doctrine "accrual begins at the termination of the wrongdoing") *with Doe*, 191 Ariz. 322, ¶ 29 ("Under the discovery rule [ ] a cause of action does not accrue until the plaintiff knows or with reasonable diligence should know the facts underlying the cause.").

**¶18**        Strickland argues the following constituted continuing wrongful acts: (1) the defendants misrepresented the suitability of the Product for her; (2) the defendants sent false account statements[3] to her with baseless product prices; and (3) the defendants continued to fail to facilitate the sale of the Product. But these allegations do not provide a basis for Strickland's claims to accrue in 2021 or 2022 because they are not part of a series of closely-related wrongful acts. *See Watkins*, 239 Ariz. at 172, ¶ 15 (liability for intentional infliction of emotional distress can "ar[i]se from a long series of cumulative acts, any one of which likely was insufficient by itself to support the claim"). Even assuming the allegations are true, each allegation constitutes a separate act causing alleged separate harms. *Floyd v. Donahue*, 186 Ariz. 409, 413 (App. 1996) (the continuing-tort doctrine did not apply because "each claimed act is a separate assault causing separate as well as cumulative injury"). Strickland's claims were neither cumulative nor closely related. Because Strickland failed to meet her burden of proof to establish tolling, her claims are time-barred.

## II.    Attorneys' Fees

**¶19**        Strickland argues the superior court erred in awarding attorneys' fees, a ruling this Court reviews for an abuse of discretion. *ABC Supply, Inc. v. Edwards*, 191 Ariz. 48, 52 (App. 1996).

**¶20**        In its ruling, the superior court analyzed relevant factors set forth in *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570 (1985), to determine whether to award a discretionary attorneys' fee award under A.R.S. § 12-341.01.[4]

---

[3] Despite Strickland's argument in her opening brief that the defendants sent her account statements, her complaint alleges a custodian or third party sent her the statements.

[4] The superior court noted that Strickland brought two causes of action for contract and that the remaining claims were interwoven, a finding Strickland does not challenge on appeal. *See Zeagler v. Buckley*, 223 Ariz. 37,

¶21        Strickland argues the superior court erred in analyzing whether litigation could have been avoided by considering the fact she had filed the subject lawsuit after she pursued her claims in FINRA arbitration, which were dismissed as untimely. Strickland argues that a dismissal of the FINRA arbitration-claim was a procedural issue separate and distinct from the dismissal here on statute-of-limitations grounds. Even accepting her argument, the court independently analyzed the statute of limitations argument and tolling defense and concluded litigation could have been avoided because the statute of limitations had expired.

¶22        Strickland next asserts that the superior court erred by failing to consider her destitution as a factor favoring against an attorneys' fee award. But a party opposing a fee award based on hardship "has the burden of coming forward with *prima facie* evidence of financial hardship by affidavit or testimony." *See Woerth v. City of Flagstaff*, 167 Ariz. 412, 420 (App. 1990). Strickland's attorney's "[u]nsworn and unproven assertions" in motion practice do not satisfy this burden. *See id.*

¶23        Finally, Strickland claims the superior court erred in failing to consider the novelty of the legal question she presented regarding a retail investment dispute and whether awarding attorneys' fees would chill other litigants from litigating legitimate contract claims. But a statute of limitations issue, even one related to a retail investment dispute, is not novel and an attorneys' fee award in such circumstances will not deter further litigants from pursuing legitimate contract claims.

_____

39, ¶ 7 (App. 2009) ("[W]hen two claims are so intertwined as to be indistinguishable, a court has discretion to award attorney fees under § 12-341.01 even though the fees attributable to one of the causes of action would not be recoverable under this statute.").

## CONCLUSION

**¶24**	For the foregoing reasons, the superior court's ruling is affirmed. The parties' requests for attorneys' fees are denied. A.R.S. § 12-341.01(A). This Court awards costs to Calton and CAI upon compliance with Arizona Rule of Civil Appellate Procedure 21. A.R.S. § 12-341.

